## Florence E. Lillis, Defendant in Error, v. The King Richardson Company, Plaintiff in Error.

### Gen. No. 17,567.

MASTER AND SERVANT—*when wrongfully discharged employee not estopped from proving employment.* An employee was summoned without previous notice or warning into the private office of her employer and in the presence of four or five men asked whether she worked by the week and what was due her. She replied that she was paid by the week and that a certain sum was due her, and was paid the amount due, signing a receipt in full payment of all claims to date. As she was passing out of the door she was discharged without warning and without cause. *Held*, in an action for wrongful discharge, that a failure to assert the contract of employment at the time of discharge did not estop plaintiff from proving her employment.

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOP-
KINS, Judge, presiding.   Heard in the Branch Appellate Court at
the October term, 1911.   Affirmed.   Opinion filed December 3, 1912.

BOYLE, MOTT & HAIGHT, for plaintiff in error.

ALDEN, LATHAM & YOUNG, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of
the court.

The defendant in error, plaintiff below, brought her
action in the Municipal Court of Chicago against plain-
tiff in error, The King Richardson Company, for dam-
ages for wrongful discharge from the employment of
the defendant below.   The only question presented by
the record is,—did the facts as they appear in the rec-
ord and the law authorize the finding and judgment?

The only point argued in the briefs bearing upon this
question is that the plaintiff below was precluded from
proving her employment by the plaintiff in error, de-
fendant below, because she did not assert her contract
when she was discharged.

In our opinion, there is no question of estoppel in-
volved in the case.   The defendant in error was not
bound to state to the plaintiff in error, when she was
wrongfully discharged, her contract with the plaintiff
in error under the circumstances under which she was
discharged.   She was not asked to state it and did not
assume to state what the plaintiff in error was sup-
posed to know as fully as the defendant in error; that
is, they were chargeable with the knowledge of the
existing contract between the parties as fully and as
completely as the defendant in error.   They summoned
the defendant in error, without previous notice, dis-
cussion or warning, into the private office of the plain-
tiff in error, and, in the presence of four or five gen-
tlemen, asked her whether she worked by the week
and how much was due her; to this she answered that
she was paid by the week and that $20 was due.   There-
upon the salary due was paid her, and she signed a

receipt in full payment of all claims to date. Thereupon, without warning and without cause, she was told, as she was passing out of the door of the room, that her services were no longer required. Under such circumstances, the contention that there is an estoppel *in pais* is without merit.

Upon a review of the evidence, we are of the opinion that the facts and the law justified the finding and judgment. The judgment is affirmed.

*Affirmed.*